# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSHUA DANIELSON, Defendant. | No. 11-CR-2020 **ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Joshua Danielson's "Motion to Dismiss Counts II and III" ("Motion") (docket no. 18).

## *II. RELEVANT PRIOR PROCEEDINGS*

On March 24, 2011, a grand jury returned a three-count Indictment (docket no. 2). Count 1 charges Defendant with Burglary of a United States Post Office, in violation of 18 U.S.C. § 2115. Count 2 charges Defendant with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and § 922(g)(2). Count 3 charges Defendant with Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j) and § 924(a)(2). On June 28, 2011, Defendant filed the Motion. On July 5, 2011, the government field a Resistance (docket no. 27). The Motion is fully submitted and ready for decision.

## *III. ANALYSIS*

In the Motion, Defendant asks the court to dismiss Counts 2 and 3 of the Indictment because the charges violate Federal Rule of Criminal Procedure 18 and 18 U.S.C. § 3231. Specifically, Defendant alleges that the court "lacks territorial jurisdiction." Brief in Support of Motion to Dismiss ("Def. Br.") (docket 18-1) at 2.

"An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge[s] on the merits." *Costello v.*

*United States*, 350 U.S. 359, 363 (1956). Defendant does not challenge the grand jury process. Accordingly, the court construes Defendant's Motion as an argument that the Indictment is invalid on its face due to a lack of "territorial jurisdiction."

Defendant's territorial jurisdiction argument is more accurately characterized as an argument related to venue. "[T]he matter of jurisdiction has to do only with the court's statutory or constitutional *power* to adjudicate the case." *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (citations omitted). The court's jurisdictional power to adjudicate a federal criminal case arises under 18 U.S.C. § 3231, which states, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Defendant is charged with offenses against the laws of the United States. Therefore, the court has jurisdiction.

"Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006) (quoting *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998)).

> Article III of the Constitution requires that the trial of any crime be held in the state in which the crime was committed, while the [S]ixth [A]mendment requires that the trial be by a jury of the state and district in which the crime was committed. Rule 18 of the Federal Rules of Criminal Procedure also guarantees a criminal defendant the right to a trial in the district court where the crime was committed.

*United States v. Delgado*, 914 F.2d 1062, 1064 (8th Cir. 1990) (footnotes omitted). "The government bears the burden of proving venue by a preponderance of evidence." *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995). Although venue is normally a jury question, "when the relevant facts to determining venue are not disputed, the district court may resolve the issue as a matter of law." *Id*.

Here, Defendant asserts that the court has no statutory authority to "hear a case where the [g]overnment alleges that the Defendant illegally possessed a firearm, either stolen or as a felon, *in another state*." Def. Br. at 2 (emphasis added). This argument is without merit. The Indictment plainly alleges that, "*[o]n or about* December 22, 2008, *in the Northern District of Iowa*," Defendant knowingly possessed a (stolen) firearm. Indictment at 1-2 (emphasis added). The Indictment is sufficient, as the government fairly informs Defendant of the charges he is facing in this district and alleges that the acts occurred on or about December 22, 2008.[1] Whether the government can meet its burden of proving that Defendant committed the alleged crimes in this district is a question for the jury—not the court. *See United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979) (finding that, where the indictment specifically charged the defendant with receiving a firearm in the District of North Dakota, whether the receipt of the firearm occurred in that district was a question of fact for the jury). Accordingly, the court shall deny the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Motion (docket no. 18) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 7th day of July, 2011.

---

[1] Defendant also appears to argue that the government was unaware of his whereabouts on December 22, 2008, and thus has not sufficiently alleged that Defendant possessed a firearm on the date alleged in the Indictment. However, the government is not required to show Defendant possessed the firearm in the Northern District of Iowa on the exact date alleged in the Indictment. *See United States v. Harris*, 344 F.3d 803, 804 (8th Cir. 2003) (finding that a charge of firearm possession *on or about* a particular date includes possession on days reasonably near the date alleged) (emphasis added and internal quotation marks omitted). Whether Defendant possessed a firearm in the Northern District of Iowa on a date reasonably near December 22, 2008, is a question for the jury.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA